# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0917 | **DATE** | April 4, 2011 |
| **CASE TITLE** | Kenneth Anthony Green, Jr. (no ID # given), et al. v. Superintendent John Doe, et al. | | |

**DOCKET ENTRY TEXT**

The complaint in this case was by five plaintiffs. The Court enters and continues the motions of Ron Flemming, Clifton Jackson, and Fred Rogers to proceed *in forma pauperis* (*i.f.p.*) [3], [6], [5]. The Court denies Larry M. Banks' motion to proceed *i.f.p.* [4]. Banks must pay the full filing fee within 30 days of this order if he wishes to remain as a plaintiff in this case. The remaining plaintiff, Kenneth Anthony Green, Jr., must either file an *i.f.p.* application on the proper form with the information required by 28 U.S.C. § 1915(a)(2) or pay the full filing fee if he wishes to remain as a plaintiff in this case. The Court dismisses the complaint for failure to state a claim, with leave to file an amended complaint on or before May 5, 2011. The Clerk is directed to send plaintiff Green an *i.f.p.* application. The Clerk is directed to send each plaintiff a copy of this order and an amended complaint form with instructions. Each plaintiff shall have until May 5, 2011 to advise the Court whether he wishes to remain as a plaintiff in this group lawsuit. If, by that date, any plaintiff advises the Court that he does **not** wish to remain as a plaintiff in this case, he will be dismissed from the lawsuit and will not be charged a filing fee. Any plaintiff who does not respond by May 5, 2011 will be considered as a plaintiff in this lawsuit. The Court will then review any amended complaint that has been filed, and each plaintiff who still a party to this case will be accountable for the consequences described below. Plaintiffs' failure to submit an amended complaint will result in dismissal of this case. on the understanding that they do not wish to proceed with this case in federal court at this time.

■[For further details see text below.]   Docketing to mail notices.

## STATEMENT

   Five plaintiffs have submitted a joint complaint. Four of them have filed motions to proceed *in forma pauperis* (*i.f.p*). The *i.f.p.* motions of plaintiffs Ron Flemming, Clifton Jackson, and Fred Rogers are entered and continued, to allow them an opportunity to opt out of the case, as discussed below.
   Plaintiff Larry Banks has had at least three previous actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted and has thus accumulated at least three "strikes." For this reason, Banks cannot proceed *i.f.p.*, unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Banks has failed to make the necessary showing. The complaint alleges that the plaintiffs are being detained in adverse conditions, but the conditions do not rise to the level necessary to place Banks in imminent danger of serious physical injury. For this reason, the Court denies Banks' motion to proceed *i.f.p.* Banks must pay the full filing fee by May 5, 2011 if he wishes to remain as a plaintiff in this case.
   Plaintiff Kenneth Green has not submitted a motion to proceed *i.f.p.* and has not paid the filing fee. Each plaintiff in a case must pay the filing fee or must file a proper *i.f.p.* application. *See Boriboune v. Berge*, 391 F.3d 852, 854-55 (7th Cir. 2004) (each co-plaintiff is obligated to pay a full, separate statutory filing fee). If Green wishes to remain as a plaintiff in this case, he must, by May 5, 2011, submit a proper *i.f.p.* application or pay the $350 filing fee.
   In addition, the complaint in its current form does not state a claim upon which relief can be granted. The complaint includes a "laundry list" of issues." Plaintiffs allege that as January 20, 2011, pretrial detainees housed in Division 10 are "psych-pretrial detainees" who have been placed in the unit for treatment. They allege that their required medications cause them to sleep for several hours. However, because they are kept outside their cells from 7:30 a.m. until 9:30 p.m., they must sleep on the floor during those hours. Plaintiffs also allege that: (1) their cells are

dirty and that they are not provided cleaning supplies, (2) they do not receive the monthly blood tests that are required due to the medications they take, (3) they do not receive treatment programs and are not allowed to take GED classes, and (4) social workers are not advocating in their behalf. Plaintiffs also state that they are bringing a "civil RICO count" because the jail receives federal funds for the treatment of "psych-pretrial detainees." Banks also alleges that he has been threatened for advocating for other detainees.

The first problem is that the complaint does not give the defendants sufficient notice of the claims plaintiffs are making against them. Though alleging specific facts is not required, *see Erickson v. Pardus*, 551 U.S. 89, 93 (2007), a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 555 (2007). The plaintiff's claim must be "plausible" in the sense that there must be "enough facts to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's allegations. *Id.* at 556. In addition, a court need not accept as true legal conclusions or a mere recitation of the elements of a claim supported only by conclusory statements. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Plaintiffs' complaint, however, fails to allege how the named defendants were involved in the alleged constitutional violations, other than via a conclusory (and thus inadequate) allegation that jail administrators must know of the problems plaintiffs cite. In addition, plaintiffs' RICO claim -- which they describe only in cursory fashion -- does not state a viable legal claim. A civil RICO claim requires a plaintiff to allege, among other things, a "pattern of racketeering activity," as 18 U.S.C. § 1961(5) defines that term. Plaintiffs cannot assert a viable RICO claim by simply referring to that statute.

In addition, it appears impossible that the plaintiffs could have fully exhausted internal jail grievance procedures, as the law requires, before filing suit. The Court received plaintiffs' complaint on February 9, 2011, less than a month from the only date they provide in their complaint, January 20, 2011. Under the Prison Litigation Reform Act (PLRA), exhaustion of internal grievance procedures is required for all prisoner suits seeking redress for prison conditions or occurrences, regardless of whether the allegations involve the general circumstances of incarceration or particular events. *See Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), a court must dismiss a suit concerning jail/prison conditions if the plaintiffs have failed to exhaust internal grievance procedures, *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999), including all the steps required by the jail's grievance system. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Exhaustion is a precondition to filing suit, meaning that a prisoner cannot file suit first and then exhaust available grievance remedies later. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37. Though failure to exhaust is an affirmative defense, in this case the failure to exhaust appears from the face of the complaint.

Lastly, the Court wishes to caution plaintiffs concerning issues that may arise in multiple-plaintiff prisoner litigation. Multiple prisoners may join in a single suit **if** they satisfy the criteria of Federal Rule of Civil Procedure 20. *See Boriboune*, 391 F.3d at 854. However, issues in such litigation may lead plaintiffs to consider whether they want to proceed jointly. First, each plaintiff must pay the full filing fee or obtain leave to proceed *i.f.p. See id.* Second, each plaintiff must sign every document submitted to the Court. Documents that are not signed by all plaintiffs may be stricken. Third, each plaintiff is considered to be accountable for his co-plaintiffs' claims. Thus if one plaintiff is assessed a "strike" under the PLRA, each co-plaintiff will be assessed a strike as well. *Id.* at 856. Fourth, in screening the amended complaint pursuant to 28 U.S.C. § 1915(e), the Court will consider whether unrelated claims should be severed and, if such severance is appropriate, that claim will have to be prosecuted in a separate action that will require the payment of another $350 filing fee.

For the foregoing reasons, the Court will give each plaintiff until May 5, 2011 to advise the Court whether he wishes to remain as a plaintiff in this group lawsuit. If, by that date, any plaintiff advises the Court that he does **not** wish to participate in this case, he will be dismissed from the lawsuit and will not be charged a filing fee. Any plaintiff who does not respond to this order by May 5, 2011, he will be considered as a plaintiff in this group lawsuit. At that time, the Court will review any amended complaint that has been filed, and each plaintiff who is still a party to this case will be accountable for the consequences described above.