Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0917 | **DATE** | May 13, 2011 |
| **CASE TITLE** | Ron Flemming (2010-0220165), et al. v. Superintendent John Doe, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiffs Ron Flemming, Clifton Jackson-Bey, and Fred Roger's motions for leave to proceed *in forma pauperis* [3], [6], [5] are granted. The Court authorizes and orders Cook County Jail officials to deduct $21.67 from Flemming's account; $8.53 from Jackson-Bey's account; and $23.33 from Roger's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. Plaintiff Larry M. Banks and Kenneth A. Green, Jr. are dismissed from this action for failure to comply with the Court's April 4, 2011 order. The amended complaint [9] is dismissed without prejudice. Plaintiffs are given leave to file a second amended complaint on or before June 16, 2011. If plaintiffs file a second amended complaint, they must also show cause in writing why the case should not be dismissed for failure to exhaust administrative remedies. The Clerk is directed to: (1) terminate plaintiffs Larry M. Banks and Kenneth A. Green, (2) send each remaining plaintiff a copy of this order and an amended complaint form. Plaintiffs' failure to submit a second amended complaint and to show cause in writing why the case should not be dismissed for failure to exhaust administrative remedies will result in dismissal of this case on the understanding that they do not wish to proceed with this action.

■[For further details see text below.]　　　　　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

　　　The Court received a complaint in this case naming five plaintiffs. On April 4, 2011, the Court: (1) entered and continued three of the plaintiffs' motions for leave to proceed *in forma pauperis* (*i.f.p*); (2) denied plaintiff Larry M. Banks motion for leave to proceed *i.f.p.* because he has "struck out" and ordered him to pay the $350 filing fee; (3) ordered plaintiff Kenneth A. Green to submit a motion for leave to proceed *i.f.p.* or pay the required filing fee; (4) and dismissed the complaint with leave to submit an amended complaint. The Court also granted each plaintiff the opportunity to opt out of the multi-plaintiff suit. No plaintiff has opted out. Banks failed to pay the required filing fee, and Green failed to submit a motion for leave to proceed *i.f.p.* or pay the filing fee. The Court therefore dismisses their claims.

　　　Plaintiffs Jackson-Bey, Rogers, and Flemming have submitted an amended complaint. Their motions to proceed *i.f.p.* are granted. The Court authorizes and orders Cook County Jail officials to deduct $21.67 from Flemming's account; $8.53 from Jackson-Bey's account; and $23.33 from Rogers' account, and to continue making monthly deductions in accordance with this order. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from plaintiffs' trust fund accounts and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, plaintiffs' trust fund officer is directed to collect monthly payments from plaintiffs' trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event any plaintiff is transferred from the jail to another correctional facility.

## STATEMENT

Plaintiffs continue to the conditions of their confinement. Plaintiffs allege: 1) that they are not allowed in their cells from 7:30 a.m. until 9:30 p.m. even though there are "no programs that are going on" that require the cells to be empty; (2) they are forced to do psych-worker Young's homework and write his letters under threat of being moved to general population; (3) psychiatrist Gomez shares personal information about plaintiffs with other inmates, causing them to be "jumped on;" (4) the third and fourth floor are denied privileges that the second floor receives; (5) they are moved within the tier for no reason at all; (6) they are forced to sleep on the floor because their medications make them tired; (7) their cells are dirty and they are not provided cleaning supplies; (8) they do not receive the monthly blood tests that are required due to the medications they take; and (9) social workers are not advocating in their behalf.

Plaintiffs still have not sufficiently given the defendants sufficient notice of the claims against them. Specifically, plaintiffs do not identify clearly enough which defendants they claim were involved in which violations or the nature of each defendant's involvement. In addition, it is unclear what constitutional or other claims plaintiffs are attempting to raise based on their vague and conclusory statements.

The Court's previous order also warned plaintiffs that it appeared highly unlikely, based on the timing of the complaint and the date provided in the complaint, that had exhausted internal jail grievance remedies before filing suit. The Prison Litigation Reform Act requires exhaustion of internal grievance procedures in all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether the claims involve general circumstances of incarceration or particular episodes. *See Porter v. Nussle*, 534 U.S. 516 (2002). A prisoner must pursue the grievance procedure through its conclusion, including appeals, before filing suit. *Ford v. Johnson*, 362 F.3d 395, 397-98 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002).

Plaintiffs now allege that Banks filed a grievance on all the plaintiffs' behalf but that the jail administration failed to address it. Plaintiffs do not indicate, however, when the grievance was filed. In addition, it is unclear to the Court whether the grievance actually identified every one of the remaining plaintiffs and whether each of them pursued, to attempted to pursue, the grievance process through its conclusion. Though failure to exhaust is an affirmative defense, in this case, plaintiffs' apparent failure to exhaust appears on the face of the complaint, making it appropriate for the Court to consider it at this time. Accordingly, if Plaintiffs file a second amended complaint, they should provide further explanation of their pursuit of the grievance process.

For the reasons stated above, the Court dismisses the amended complaint without prejudice. Plaintiffs will have thirty days to submit a proposed second amended complaint (plus a judge's copy and service copies). Plaintiffs must write both the case number and the judge's name on the second amended complaint, all Plaintiffs must sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiffs must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint.

Plaintiffs are cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiffs want the court to consider in its threshold review of the second amended complaint must be attached, and each copy of the second amended complaint must include complete copies of any and all exhibits. If Plaintiffs do not timely comply with this order, this case shall be dismissed.