# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0917 | **DATE** | September 26, 2011 |
| **CASE TITLE** | Clifton Jackson Bey (2010-1116083) vs. Psychologist Gomez | | |

**DOCKET ENTRY TEXT**

Plaintiff Clifton Jackson Bey's motion to reinstate civil suit [13] is granted. Mr. Jackson Bey's third amended complaint [14] is accepted. The Clerk is directed to reinstate the case. The Clerk is also directed to: (1) terminate previous plaintiffs Ron Flemming and Fred Rogers; (2) terminate previously-named defendants John Doe, Director Gordinez, Tom Dart, and Psych Worker Young; and (3) terminate newly-named defendant Superintendent Bryant. The Clerk shall also: (1) issue summons for service of Mr. Jackson Bey's third amended complaint [14] on defendant Gomez; (2) attach a Magistrate Judge Consent Form to the summons for defendant; (3) send plaintiff said Form and Instructions for Submitting Documents along with a copy of this order; and (4) revise the caption in this matter to Clifton Jackson-Bey vs. Psychologist Gomez.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

In this case, the Court initially received a complaint identifying five plaintiffs. On 4/4/11, the Court dismissed the complaint with leave to amend. The Court also granted each plaintiff the opportunity to opt out of the suit; no plaintiff opted out. On 5/13/11, the Court dismissed plaintiffs Banks and Green for failure to comply with the Court's previous order. That same order dismissed plaintiffs' amended complaint for failure to state a claim and allowed the remaining plaintiffs until 6/16/11 to file a second amended complaint and, if a second amended complaint was filed, to show cause in writing why the case should not be dismissed for failure to exhaust administrative remedies. On 7/5/11, after not receiving any additional filings by any of the remaining plaintiffs, the Court dismissed the action without prejudice pursuant to Fed. R. Civ. P. 41(b).

Plaintiff Clifton Jackson Bey has now submitted a motion to reinstate the case and a "III amended complaint." The Court has reviewed the complaint as required by 28 U.S.C. § 1915A. Plaintiff alleges that in 2011 he was sent to the mental health unit because he was having trouble sleeping and thinking clearly. He was prescribed medication and placed on the acute psych unit. He says that psychologist Gomez informed the detainees in that unit that they were going to have to do homework and would have to talk to psych workers against their will. Plaintiff told Gomez that he had a Fifth Amendment right not to talk to the psych worker. Gomez told plaintiff that a "personnel" file was being kept on each detainee. Plaintiff told Gomez he would take his medications but was invoking his right to remain silent and would not speak with the psych workers. Plaintiff sent a "major" grievance to Superintendent Bryant, but he allegedly "turned a blind eye to Gomez's conduct." He says that after he filed his grievance, Gomez had him move to a non-acute psych unit as punishment "for addressing his grievance." Plaintiff alleges that detainees in these are locked in all day; he is denied the right to see psych workers; and the unit is less secure because there is only one officer on the unit. Plaintiff names Gomez and Superintendent Bryant as Defendants.

Plaintiff has alleged a colorable retaliation claim against Gomez. He has failed to do so against Superintendent Bryant. The Court therefore dismisses Superintendent Bryant.

The United States Marshals Service is appointed to serve the Defendant Gomez. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve the Gomez with process. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendant. If Gomez can no longer be found at the work address provided by plaintiff, the Cook County Jail ans/or County of Cook shall furnish the Marshal with his

| STATEMENT |
| --- |

last-known address.  The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal.  Address information shall not be maintained in the court file, nor disclosed by the Marshal.  The Marshal is authorized to mail a request for waiver of service to defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

   Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent.  Plaintiff must include the original and a judge's copy of all filings.  In addition, plaintiff must send an exact copy of any filing to defendant or, if represented by counsel, to counsel for defendant.  Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a).  Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to plaintiff.